UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

FILED- LN
March 25, 2024 4:14 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: eod  FILED BY: ҭoo 3/25

JEFFREY RYAN FENTON,

            PLAINTIFF

v.

VIRGINIA LEE STORY ET AL.,

            DEFENDANTS

CASE NO. 1:23-CV-1097

## MOTION FOR PREPAYMENT OF SERVICE FEES
## EXPEDITED CONSIDERATION REQUESTED

    Plaintiff was only able to pay the filing fee in this court by borrowing the money. He has several disabilities and has been essentially working 24/7 on this case. Due to the wrongful actions of the defendants, Plaintiff has not earned one dollar over the last two tax years, does not have any financial reserve, and cannot afford service of process fees. However, Plaintiff is ***not*** seeking a waiver of those fees. He is seeking ***prepayment*** of them, with reimbursement to the court pending a favorable outcome. See, for example, *James v. City of N.Y.*, 15 Civ. 1161 (E.D.N.Y. Mar. 20, 2015) whereby the court prepaid the fees for the plaintiffs "on the condition that should they receive any monetary settlement or award equal to or greater than the $400.00 filing fee, that fee must be paid to the Court within fifteen days of the receipt of the settlement award." This way, funds applied in this matter will then be available to another needy *pro se* litigant at some point in the future.

Initials:

Plaintiff is specifically requesting for the court to execute service of his lawsuit to the defendants in his complaint through the U.S. Marshalls Service.

In hopes of this request being granted, Plaintiff is providing the court with a proposed order to easily execute, along with the summonses needed for service.

Plaintiff is diligently trying to finish his "First Amended Complaint" within hopefully the next week. His work has been delayed by several days due to the need to drop everything and respond to the critical 12/13/2023 REPORT AND RECOMMENDATION by the court, which required immediate attention to protect his lawsuit from being prematurely dismissed.

There are significant improvements in Plaintiff's "First Amended Complaint", fixing most if not all of the problems with the initial complaint filed. Plaintiff is eager for the court to see the improvements, but since this is the only "amended complaint" which Plaintiff is guaranteed by the court rules, he needs at least a solid week to finish it, for the guaranteed benefit of all involved.

Plaintiff has removed one of the parties from the original complaint, as well as obtained addresses for all parties, which are believed to be correct.

This is being mentioned in case the court approves this motion and executes service before Plaintiff can get his "First Amended Complaint" filed. Plaintiff has prepared summonses and will be providing them to the court on the morning of Tuesday January 2, 2024, when the court reopens.

The information on the summonses is the most updated, correct, and complete information to date, and should control over the original complaint for contacting the parties and issuing

service, until Plaintiff is able to file his "First Amended Complaint", where the parties and contact information have been updated and are believed to be correct.

The reason for the expedited consideration is that F.R.Civ.P. 4(m) allows up to "90 days after the complaint is filed" to serve the complaint. If the motion is not allowed, Plaintiff will likely need approximately 7 days to serve the defendants since there are many. Therefore, Plaintiff requests a ruling on this motion by the end of business on January 5, 2024.

December 30, 2023

JEFFREY RYAN FENTON, PRO SE
17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
JEFF.FENTON@LIVE.COM
(P) 615.837.1300
(F) 810.255.4438