UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

FILED - LN
October 4, 2024 4:12 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: jlg /    SCANNED BY: /oh

JEFFREY RYAN FENTON,

PLAINTIFF

v.

VIRGINIA LEE STORY ET AL.,

DEFENDANTS

CASE NO. 1:23-CV-01097

## MOTION FOR SANCTIONS[1]

Plaintiff brings this motion pursuant to F.R.Civ.P. 11(c)(2) for the following reasons. That rule specifically states: "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." F.R.Civ.P. 11(b) states:

> "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."

Defendant Story in her affidavit lists provisions in fourteen paragraphs.[2] Of the only four with real significance to this matter, paragraphs eleven through fourteen, three (75 percent) are

---

[1] Citations to the court record in this lawsuit will be notated without the case name or number, using the starting ECF Number, followed by both the beginning and ending Page ID, which is abbreviated as "PID."

false as testified to by Plaintiff in his COUNTER-AFFIDAVIT filed concurrently with this motion. As such, defendants Story and Story, Abernathy, & Campbell, PLLP, (hereinafter "SAC") and/or their counsel have violated F.R.Civ.P. 11(b)(3) that "factual contentions have evidentiary support." In fact, the evidentiary support shows the exact opposite: that Story's paragraphs 11, 12, and 14 have been proved false in Plaintiff's COUNTER-AFFIDAVIT. One can only presume that the reason for such deceptive and untruthful filings is to take advantage of a disadvantaged plaintiff who has disabilities. Also, filing anything with the court in order "to harass [such a plaintiff], cause unnecessary delay, or needlessly increase the cost of litigation" is a violation of F.R.Civ.P. 11(b)(1).

Several defendants—but Story in particular—have amassed a mountain of lies in this and precipitating actions. Just because a member of the bar "being duly sworn deposes and states" in a filing that certain events are "facts" does not make this so. Nowhere in her "AFFIDAVIT" does she sign under penalty of perjury. As it stands, there are no repercussions for her falsely making statements in court documents. This must stop.

Because of the fraud, deception, and deliberate violations of local, state, and federal law, litigation has multiplied. Nobody is taking or has taken remedial action on the part of Plaintiff—neither state defendants nor oversight boards in Tennessee. This inaction has compounded Plaintiff's damages. Accordingly, there has to be substantial compensation. Moreover, fraud and the other acts listed at the beginning of this paragraph are what caused this complaint to be filed

---

[2] ECF 76-1, PID.5076

Page 2 of 4

Case 3:24-cv-01282    Document 97    Filed 10/04/24    Page 2 of 7 PageID #: 5296
https://rico.jefffenton.com/evidence/2024-10-04_motion-for-sanctions-against-story-for-lying.pdf    Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

in the first place. Indeed, that is the reason for this very action! Plaintiff's workload has also multiplied. He has worked a minimum of six days per week, usually seven, no less than ten hours per day for roughly the last year. He would not have needed to do so if not for the aforesaid nefarious actions of the defendants.

Counsel for defendants Story and SAC had not only the ability but the duty to verify their claims that they "never conducted any activity in Michigan." Plaintiff was wrongly evicted from his home on September 3, 2019.[3] Two letters from Story and SAC to Plaintiff are shown on pages A4-5 and A4-6 in the complaint as being dated *after* September 3, 2019. Defendant Story knew Plaintiff would be "be moving to Michigan."[4] In fact, even with the redaction, the letter on page A4-5 shows it being clearly addressed to Marsha Fenton who Story knew lived in Michigan.[5] Moreover, 84 percent of the litigation in which defendants Story and SAC were involved occurred while Plaintiff was living in Michigan as pointed out in his COUNTER-AFFIDAVIT.

Rather than following the Rules of Professional Conduct, counsel decided to rubber-stamp defendant Story's and SAC's lies. This is not how lawyers are supposed to operate. When clients do not behave lawfully or ethically, counsel is supposed to decline or terminate representation. Counsel and defendants Story and SAC—in just one affidavit—have already violated rules 1.2(c), 1.16(a), and 3.3(a)(1) of the Rules of Professional Conduct, possibly others.[6]

Because of the magnitude of work defendants have created for Plaintiff, he has no choice but to ask the court to sanction them a minimum of $100,000 to cover legal expenses that he will

---

[3] ECF 19-7, PID.2675

[4] ECF 23, PID.2887

[5] ECF 23, PID.2867

[6] https://www.courts.michigan.gov/498ad6/siteassets/rules-instructions-administrative-orders/rules-of-professional-conduct/michigan-rules-of-professional-conduct.pdf

undoubtedly incur hiring an attorney—or, more likely, a team of attorneys—which he will need in order to counter the frivolous and false filings by defendants and to continue to untangle the mess defendants have created and continue to create. The purpose of the law is not to protect organized crime. It is to protect citizens *from* organized crime. Lastly, members of the bar cannot get a "free pass" to testify falsely while creating extra work for the opposing party.

## CONCLUSION

Without disincentivizing defendants, specifically Story and SAC, individually or through counsel, from unceasingly filing falsified documents, they will continue to file such untruthful documents with the court, thereby causing the plaintiff—with disabilities—to redirect his already limited resources towards deflecting false allegations and thus cause him not to be able to properly defend this case on its merits or to meet all deadlines imposed by rule, law, or the court. As such Plaintiff seeks $100,000 in sanctions or, in the alternative, that defendants Story and SAC and/or their counsel pay attorneys fees that Plaintiff will incur since he will otherwise need to hire counsel in order to fight the defendants' frivolous filings.

Executed on October 4, 2024

JEFFREY RYAN FENTON, PRO SE

17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
(P) 615.837.1300

# CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2024, I am mailing the foregoing papers to the defendants or their counsel, by first class mail, at the addresses below. If for any reason, beyond my control, I am unable to complete this on the date specified, I will mail them on the very next mailing day.

VALERIE HENNING MOCK
WILSON ELSER MOSKOWITZ EDELMAN & DICKER
17197 N LAUREL PARK DR STE 201
LIVONIA, MI 48152-7901

BRIAN JOSEPH GALLAGHER
LENNON MILLER PLC
151 S ROSE ST STE 900
KALAMAZOO, MI 49007-4719

SANDRA J. DENSHAM
PLUNKETT COONEY
333 BRIDGE ST NW STE 530
GRAND RAPIDS, MI 49504-5365

MICHAEL L. GUTIERREZ
BUTZEL LONG PC
300 OTTAWA AVE NW STE 620
GRAND RAPIDS, MI 49503-2308

BRET CHANESS
RUBIN LUBLIN, LLC
3145 AVALON RIDGE PL STE 100
PEACHTREE CORNERS, GA 30071-1570

ALAN RHENEY
SPRAGINS, BARNETT & COBB, PLC
312 E LAFAYETTE ST
JACKSON, TN 38301-6220

BANK OF AMERICA, N.A.
ATTN: OFFICER, MANAGER, OR AGENT
4909 SAVARESE CIR
TAMPA, FL 33634-2413

MARY BETH AUSBROOKS
ROTHSCHILD & AUSBROOKS, PLLC
110 GLANCY ST STE 109
GOODLETTSVILLE, TN 37072-2314

R L MOORE
BANKERS TITLE & ESCROW CORPORATION
3310 WEST END AVE STE 540
NASHVILLE, TN 37203-6802

CARL A NEUHOFF, JR.
HOSTETTLER, NEUHOFF & DAVIS, LLC
421 E IRIS DR STE 300
NASHVILLE, TN 37204-3140

KATHRYN LYNN YARBROUGH
408 PREAKNESS DR
THOMPSONS STATION, TN 37179-5238

ALEXANDER SERGEY KOVAL
281 PARAGON MILLS RD
NASHVILLE, TN 37211-4034

HENRY EDWARD HILDEBRAND III
217 LAUDERDALE RD
NASHVILLE, TN 37205-1821

CHARLES M. WALKER
1925B WARFIELD DR
NASHVILLE, TN 37215-3422

THOMAS E. ANDERSON
215 GLENSTONE CIR
BRENTWOOD, TN 37027-3916

FENTON v. STORY et al.     Page 2 of 3     Case 1:23-cv-01097-PLM-RSK
Case 3:24-cv-01282     Document 97     Filed 10/04/24     Page 6 of 7 PageID #: 5300

https://rico.jefffenton.com/evidence/2024-10-04_motion-for-sanctions-against-story-for-lying.pdf     Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

## ELECTRONIC SERVICE OPTIONS

This document will also be available on the Internet, on my list[1] of documents filed by myself in this lawsuit, since the release of my lawsuit service package[2].

Executed on October 4, 2024

_____

JEFFREY RYAN FENTON, PRO SE

17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
(P) 615.837.1300

---

[1] https://jefffenton.com/digital-service-package-for-lawsuit/fenton-filings-since-service/

[2] https://jefffenton.com/digital-service-package-for-lawsuit/
ECF 69, PID.5030-5042 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-lawsuit-service-pack-details.pdf