UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY RYAN FENTON,

        Plaintiff,

v.

VIRGINIA LEE STORY, et al.,

        Defendants.
_____/

Case No: 1:23-cv-01097

Hon. Paul L. Maloney
United States District Judge

Hon Ray Kent
United States Magistrate Judge

## DEFENDANT HON. CHARLES WALKER'S
## BRIEF IN SUPPORT OF MOTION TO DISMISS

      Plaintiff is suing dozens of defendants including real estate agents and companies, banks, lawyers, court officials, law enforcement, local government entities, and others he asserts were involved in depriving him of his house in Tennessee following his divorce and his ex-wife's federal bankruptcy petition there. Plaintiff's lengthy complaint has few allegations relating to Defendant Honorable Charles Walker (Judge Walker), a federal bankruptcy judge for the Middle District of Tennessee, who presided over the bankruptcy case. It appears that Plaintiff is arguing that his ex-wife's attorneys wrongfully omitted him from being listed as an owner of the house in the bankruptcy filings, that he was not notified about the bankruptcy case, and that the bankruptcy court therefore should not have allowed the house to be sold in a state court-sanctioned real estate sale.

      The Court should dismiss Plaintiff's claims against Judge Walker for numerous reasons. First, Judge Walker has absolute judicial immunity from suit. Plaintiff's claims are about actions Judge Walker allegedly took in his capacity as a federal bankruptcy judge, and there are no

1

allegations that Judge Walker acted outside that capacity or in the complete absence of jurisdiction. The Court therefore should dismiss the claims with prejudice under Rule 12(b)(6).

Second, even if judicial immunity did not bar the claims, Plaintiff has failed to plead any viable claim against Judge Walker under Federal Rules of Civil Procedure 8 and (12)(b)(6). His minimal allegations relating to Judge Walker are difficult to understand; he has not provided fair notice of what his claims are and has not made plausible factual allegations against Judge Walker sufficient to support any viable claim.

Third, there are numerous threshold procedural defects that justify dismissal. Plaintiff cannot establish that this Court has personal jurisdiction over Judge Walker, so the claims fail under Federal Rule of Civil Procedure 12(b)(2). Additionally, the Western District of Michigan is not an appropriate venue for this action, so under Federal Rule of Civil Procedure 12(b)(3) dismissal is appropriate. Finally, Plaintiff has failed to complete service of process on Judge Walker, so the claims should be dismissed under Federal Rule of Civil Procedure (12)(b)(5).

## BACKGROUND

It is difficult to piece together a succinct story from the allegations in Plaintiff's Complaint. It appears he is alleging that his ex-wife intentionally defaulted on the mortgage on their home shortly before she filed for bankruptcy and then for a divorce. (Am. Compl., ECF No. 66, PageID.4889, 4891 ¶¶ 37, 42.) She allegedly filed a bankruptcy petition in April 2019 and her attorneys listed the home as an asset in the bankruptcy schedules. (*Id.*, PageID.4881, 4891, 4906 ¶¶ 13, 42, 79.) Plaintiff contends that his ex-wife's attorneys falsified the bankruptcy schedules, failing to list Plaintiff as a codebtor on the home. (*Id.*, PageID.4938 ¶ 169.) He asserts that he did not receive notice of the bankruptcy. (*Id.*, PageID.4881, 4891, ¶¶ 13, 42.) The ex-wife's attorneys then allegedly sought permission in the bankruptcy action to sell the home in connection with the

state court divorce proceedings. (*Id.*, PageID.4881, 4891, 4892, 4894 ¶¶ 14, 42, 45, 52.) Plaintiff argues this was improper because he was a co-owner of the property. (*Id.*, PageID.4882, 4891 ¶¶ 15, 42.) He claims that that this process deprived him of certain legal protections and redemption rights he otherwise would have had. (*Id.*, PageID.4890.)

Plaintiff does not specify what Judge Walker's role was, other than that Judge Walker presided over the ex-wife's bankruptcy case and entered the bankruptcy court order relating to the sale of the house. (See ECF No. 1-9, PageID.226, 231.) Six of the fourteen counts in the Amended Complaint arguably include Judge Walker:

- Count Six (Intentional/Negligent Infliction of Emotional Distress) (Am. Compl., ECF No. 66, PageID.4933-4940);
- Count Seven (Fraud/Concealment) (*Id.,* PageID.4940-4946);
- Count Eight (Civil Conspiracy) (*Id.,* PageID.4946-4947);
- Count Eleven (Violations of 11 U.S. Code) (*Id.,* PageID.4952-4955);
- Count Thirteen (Violations of Constitutional Rights) (*Id.,* PageID.4962-4968); and
- Count Fourteen (Discrimination/Violations of the Americans with Disabilities Act) (*Id.,* PageID.4968-4971.)

The allegations in these counts relating to Judge Walker are sparse and generally do not explicitly identify any action by Judge Walker.

For example, although Plaintiff alleges that Count Six is against "all defendants" (Am. Comp., ECF No. 66, PageID.4933 ¶ 154), he fails to allege any conduct by Judge Walker in relation to this claim. The closest Plaintiff comes is a vague assertion that he advised the defendants that "the original offenders" had violated law and rules in state court and bankruptcy court but that no one attempted to correct the violations. (ECF No. 66, PageID.4934 ¶ 157, 161.) Similarly, in Count Seven, Plaintiff complains about his lack of notice of the bankruptcy proceeding, but he makes no allegations to connect Judge Walker to this defect. Instead, Plaintiff alleges that other individuals omitted him as an owner of the house in the bankruptcy proceedings (*Id.,* PageID.4940-4942 ¶¶ 178, 183). Count Eight mentions no conduct by Judge Walker or the bankruptcy court. In

3

Count Fourteen, Plaintiff includes Judge Walker in a count alleging that he was somehow discriminated against on the basis of disability in his access to the courts. However, he only refers to access issues in the Tennessee state court system and has no allegations referencing disability discrimination in federal bankruptcy court. (*Id.,* PageID.4968-4971.)

Plaintiff's allegations are only slightly more relevant to Judge Walker for Counts Eleven and Thirteen. In Count Eleven, Plaintiff alleges that Judge Walker violated the bankruptcy code by failing to notify him about the bankruptcy, even though Plaintiff was an equity security holder of the debtor as an owner of the home via tenancy by the entirety. (ECF No. 66, PageID.4952-54). But he alleges that it was another defendant who failed to list Plaintiff on the pleadings filed with the bankruptcy court. (*Id*. ¶¶ 221, 227.) This allegedly allowed the home to be sold by virtue of orders in Tennessee state court. (*Id*., PageID.4953 ¶ 223.) In Count Thirteen, Plaintiff relies on the same factual allegations to allege that failing to include the home in bankruptcy, rather than state court proceedings, violated his constitutional due process rights. (*Id.,* PageID.4962-4964.) However, this count fails to include any allegations about Judge Walker specifically, and instead focuses on the conduct of other defendants. (*Id*. PageID.4962-4968.)

**MOTION STANDARDS**

A motion under Rule 12(b)(2) challenges the court's personal jurisdiction over a defendant. *See Peters Broadcast Eng'g, Inc. v. 24 Capital, LLC*, 40 F.4th 432, 437 (6th Cir. 2022). The plaintiff bears the initial burden of establishing a prima facie case for personal jurisdiction. *Id.*

A motion under Rule 12(b)(3) challenges the Court's venue. "The plaintiff bears the burden of proving that venue is proper." *E.g.*, *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002); *Verbis v. Iowa Dep't of Human Services*, 18 F. Supp. 2d 770, 774 (W.D. Mich. 1998). If a defendant prevails on a Rule 12(b)(3) challenge, the Court has the

4

discretion to decide whether the action should be dismissed or transferred to an appropriate court. *See Verbis* at 775; 28 U.S.C. § 1406.

A motion under Rule 12(b)(5) challenges a plaintiff's failure to complete service of process. *See King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012). The party on whose behalf service of process was made has the burden of establishing it was proper. *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006); *Russell v. Goldman Roth Acquisitions LLC*, No. 1:10-cv-1224, 2011 WL 13362391, at *2 (W.D. Mich. July 27, 2011) (Maloney, J.). In deciding a motion under Rule 12(b)(5), a court may refer to evidence in the record to determine whether service was sufficient. *Metro. Alloys Corp.* at 563; *Russell* at *2. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King*, 694 F.3d at 655.

Rule 12(b)(6) provides for dismissal where a complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To state a valid claim, a complaint must contain . . . allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 562 (2007)). A court should dismiss a claim under Rule 12(b)(6) when the plaintiff has failed to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly* at 570). A claim is facially plausible only where it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 678. While the court should accept the complaint's factual allegations as true in connection with a Rule 12(b)(6) motion, the court need not accept legal conclusions, including those that are couched as factual allegations. *Id.*

ARGUMENT

Judge Walker is immune from suit arising from his judicial duties, so dismissal with prejudice is required. Even if he was not, Plaintiff's complaint also fails to state a viable claim under Rules 8 and 12(b)(6). Additionally, Plaintiff cannot establish that the Court has personal jurisdiction over Judge Walker, has failed to establish any basis for venue in the Western District of Michigan, and has failed to complete service of process under Rule 4.

I.  **The Court should dismiss Plaintiff's claims with prejudice because Judge Walker has absolute judicial immunity from suit.**

A judge is "entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994); *see also Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction.") (quotation omitted); *Lawrence v. Pelton*, 413 F. Supp. 3d 701, 710 (W.D. Mich. 2019). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles*, 502 U.S. at 11. A court should dismiss a claim against a judge for money damages arising from the judge's judicial acts. *See id.*

What constitutes a judicial act is interpreted broadly, and immunity applies to any function a judge normally performs. *See Stump v. Sparkman*, 435 U.S. 349, 362 (1978). When determining whether an act is judicial in nature, a court may also consider "the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Id.* A court "may infer" that a party expected a judge to be serving in his judicial capacity where, for example, the party submitted a motion or petition to the judge for approval. *See id.* Rulings in "bankruptcy proceedings over which the bankruptcy court had jurisdiction" are judicial functions for which a judge has absolute judicial

immunity. *Farrier v. Leicht*, No. 20-3528, 2020 WL 13017227, at *2 (6th Cir. Nov. 24, 2020); *see also Massey v. Stosberg,* 136 F. App'x 719, 720 (6th Cir. 2005) (bankruptcy judge had judicial immunity from claims he violated plaintiffs' constitutional rights by rejecting their Chapter 12 plan, terminating the automatic stay, and failing to protect their interests in the distribution of their assets).

A judge's act does not lose its judicial nature if the judge erred or exceeded his authority, or even if the judge took the action in bad faith or with malice. *Mireles*, 502 U.S. at 11. Judicial immunity applies regardless of the motives with which a judicial act was performed, "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger*, 474 U.S. at 199-200 (quotation omitted). This absolute immunity guarantees that a judge is not subjected to the "discovery and eventual trial" necessary to resolve factual disputes, and it is "essential to protect the integrity of the judicial process." *Mireles*, 502 U.S. at 11; *Cleavinger*, 474 U.S. at 200. It applies in cases seeking injunctive relief for alleged constitutional violations by federal judges. *Kipen v. Lawson*, 57 F. App'x 691 (6th Cir. 2003).

Judge Walker has absolute judicial immunity from Plaintiff's suit. Plaintiff is seeking damages and other relief for judicial actions Judge Walker undertook as the judge presiding over a bankruptcy case in which Plaintiff's ex-wife was the debtor and in which Judge Walker's ruling allegedly impacted the sale of Plaintiff's former marital home. He does not allege any actions by Judge Walker other than failing to ensure Plaintiff had notice of the bankruptcy case and failing to take jurisdiction over the home away from the state court as part of the bankruptcy. Accordingly, Judge Walker is entitled to judicial immunity from the claims.

No exception to judicial immunity applies here. Judicial immunity "is overcome in only two sets of circumstances." *Mireles*, 502 U.S. at 11. First, "a judge is not immune from liability

7

for nonjudicial actions," meaning "actions not taken in the judge's judicial capacity." *Id*. at 11. Plaintiff does not challenge any nonjudicial act by Judge Walker. To the contrary, as discussed above, Plaintiff's allegations all relate to heartland judicial actions, such as determining what assets are part of a bankruptcy estate and how they may be treated within the bankruptcy. If anything, Plaintiff's critique of Judge Walker is that he did not assume greater jurisdiction over the marital home as part of those proceedings—that he could have taken additional action but did not. Second, "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id*. at 12; *see also Stump*, 435 U.S. at 356 (holding that "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge"). Plaintiff does not allege that Judge Walker acted without jurisdiction. As a result, Plaintiff's claims against Judge Walker must be dismissed with prejudice.

**II.     Plaintiff failed to plead a plausible claim against Judge Walker.**

Plaintiff's legal claims against Judge Walker are nonspecific and vague, and they fail to state a plausible claim upon which relief may be granted. Rule 8 requires a complaint to "adequately inform the defendant of the plaintiff's claim 'and the grounds upon which it rests.'" *Clanton v. Sam's Club*, No. 21-2824, 2022 WL 18781403, at *1 (6th Cir. Apr. 22, 2022) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). It "proscribes . . . obfuscation of the plaintiff's claims" and a pleading may be dismissed when it would "cause…undue difficulty in determining the claims and allegations actually at issue." *Kensu v. Corizon, Inc*., 5 F.4th 646, 651 (6th Cir. 2021). A plaintiff must "connect specific facts or events with the various causes of action [he] asserted." *Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392 (6th Cir. 2020) (quotation omitted). Although pro se complaints are held to a less stringent standard than pleadings attorneys file, Plaintiff still must satisfy the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citation

omitted). Here, Plaintiff has failed to make factual allegations involving Judge Walker that could fulfill the elements of any recognized legal claim. *See Bredesen,* 500 F.3d at 527.

As noted above, Counts Six, Seven, and Eight do not identify any action by Judge Walker that inflicted emotional distress on Plaintiff or constituted fraud, concealment, or conspiracy. He generically lumps Judge Walker in with all the other defendants, while only specifying conduct by others and broadly asserting that courts have not remedied the misconduct or have violated judicial canons or other rules or law. This is not sufficient under Rules 8 and 12(b)(6). Plaintiff has failed to "provide any facts that would have allowed the district court to reasonably infer what [the federal judges] did that was in violation of any law or statute, in order to be civilly liable for some misconduct." *Riley v. United States,* 838 F. App'x 388, 390 (11th Cir. 2020) (citing *Iqbal*). Dismissal is appropriate where the allegations do "not amount to more than labels or conclusory statements about the alleged misconduct of the federal judges." *Id.*

Count Eleven attempts to allege violations of various bankruptcy code provisions but includes no allegations about Judge Walker's conduct that could give rise to a cause of action in federal district court. While Plaintiff contends that the bankruptcy court did not notify Plaintiff of the bankruptcy, he alleges that this was "[a]s a result" of a different defendant's omission of Plaintiff from the papers filed in bankruptcy court. (ECF No. 66, PageID.4952 ¶ 221.) Plaintiff cites no authority for a civil cause of action in federal district court for alleged violations of the cited bankruptcy code sections in relation to actions of the bankruptcy court itself. *See, e.g., Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417 (6th Cir. 2000) (no private right of action for violation of 11 U.S.C. § 524 or through § 105); *Mason v. SunTrust Mort., Inc.*, No. 3:16-383, 2016 WL 9409010, at *4 (M.D. Tenn. May 6, 2016) (noting that there is no private cause of action outside bankruptcy court for violation of 11 U.S.C. § 362); *In re Valentine*, 196 B.R. 386, 388

9

(Bankr. E.D. Mich. 1996) (no civil action for violation of 18 U.S.C. § 3057, which relates to referrals of suspected offenses committed in bankruptcy proceedings).

Count Thirteen fails to identify what Judge Walker did to violate the Constitution. Instead, it alleges that another defendant failed to identify in bankruptcy filings that Plaintiff had a financial interest in the home, preventing Plaintiff from knowing about the bankruptcy, and that various other defendants took actions or made statements that deprived him of property or due process. (ECF No. 66, PageID.4963-4368.) A plaintiff is required to allege with particularity what each defendant did to violate the Constitution. *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (dismissing claims against federal agents for failure to allege details of their personal involvement, and only making categorical or collective allegations against them as defendants); *Dorsey v. Barber*, 517 F.3d 389, 399 (6th Cir. 2008) (each defendant's liability must be assessed individually, based on his or her own actions). "[E]ach Government official . . . is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. Plaintiff's allegations in Count Thirteen are not clear and particularized to Judge Walker, so they fail to state a claim.

Count Fourteen likewise does not state an ADA claim against Judge Walker. It only identifies actions by other defendants and in state court. In addition, the thrust of Plaintiff's Complaint about the bankruptcy court is that he never knew about the bankruptcy court proceedings, so he cannot demonstrate that the bankruptcy court discriminated against him on the basis of disability. Regardless, the ADA does not apply to federal courts, which are not covered public entities under the ADA. 42 U.S.C. § 12131; *Bank of America, N.A. v. Mixon*, No. 1:21-CV-430, 2022 WL 19332931, at *1 (W.D. Mich. Sept. 8, 2022); *Roman v. Jefferson at Hollywood LP*, 495 F. App'x 804 (9th Cir. 2012) (same); *Torrence v. U.S. Bankruptcy Court for the Northern District of Illinois*, No. 17 C 3120, 2017 WL 3593116, at *4 (N.D. Ill. Aug. 21, 2017) (explaining

that neither the ADA nor the Rehabilitation Act apply to federal courts and rejecting claim brought against federal bankruptcy court for failure to accommodate).

### III. The Court should dismiss Plaintiff's Complaint for lack of personal jurisdiction, improper venue, and failure to complete service.

#### A. Plaintiff fails to plead or establish that the Court has personal jurisdiction over Judge Walker.

The Court lacks personal jurisdiction over Judge Walker. First, as discussed in section III.C below, Plaintiff has not completed service of process as required by the Federal Rules of Civil Procedure. *King*, 694 F.3d at 655. "[W]ithout proper service of process . . . a court may not exercise personal jurisdiction over a named defendant." *Id.*

Second, even if Plaintiff perfected service on Judge Walker, the Court would lack personal jurisdiction over him. The Court's exercise of personal jurisdiction must be authorized by the forum state's longarm statute and consistent with federal due process. *Blessing v. Chandrasekhar*, 988 F.3d 889, 901 (6th Cir. 2021). In response to a motion to dismiss for lack of personal jurisdiction, Plaintiff "may not stand on his pleadings, but must show the specific facts demonstrating that the court has jurisdiction." *Miller v. AXA Winterthur Ins. Co*., 694 F.3d 675, 678 (6th Cir. 2012). Here, he cannot do so; neither Michigan law nor due process permits personal jurisdiction over Judge Walker.

Beginning with state law, the Court "may exercise personal jurisdiction over an out-of-state defendant only if a court of the forum state could do so." *Blessing,* 988 F.3d at 901. Judge Walker is not within the reach of Michigan's longarm statute, which sets forth the appropriate circumstances for a court's exercise of "general" personal jurisdiction or "limited" personal jurisdiction. Mich. Comp. Laws § 600.701; Mich. Comp. Laws § 600.705. For general personal jurisdiction over an individual, Plaintiff must show that Judge Walker was present or domiciled in

Michigan when process was served, or that Judge Walker consented to jurisdiction. Mich. Comp. Laws § 600.701. Plaintiff cannot do so because: (1) as discussed below, he has not completed service, and the proof of service he filed indicates that he delivered the summons and complaint to an individual in Tennessee (ECF No. 95, PageID.5253-5254); (2) Judge Walker is not domiciled in Michigan (ECF No. 66, PageID.4874); and (3) Judge Walker has not consented to the exercise of jurisdiction. Plaintiff fails to establish limited personal jurisdiction because he has not alleged any relationship between Judge Walker and Michigan that meets the requirements in Mich. Comp. Laws § 600.705. He does not allege that Judge Walker transacted business in Michigan, nor does he allege that Judge Walker did anything that caused an act or consequence in Michigan, as would be required under Mich. Comp. Laws § 600.705(1) and (2). There is no allegation that Judge Walker owns property in Michigan. Mich. Comp. Laws § 600.705(3). There are no allegations about the remaining relationships listed in Mich. Comp. Laws § 600.705, which are facially inapplicable.

Due process additionally would prohibit the Court's exercise of personal jurisdiction over Judge Walker in this case. *See Blessing*, 988 F.3d at 904. To satisfy due process, Plaintiff must show that Judge Walker had sufficient "minimum contacts" with Michigan "to comport with traditional notions of fair play and substantial justice." *Id.* (citation omitted). Due process demands that Plaintiff establish Judge Walker purposefully availed himself of the privilege of acting in Michigan; Judge Walker cannot be haled into court in Michigan based on "random, fortuitous, or attenuated contacts." *Id.* (quotation marks omitted). The "analysis depends on the defendant's contact with the forum, not the defendant's contacts with persons who reside there." *Id.* (quotation marks omitted). "[T]he plaintiff cannot be the only link between the defendant and the forum." *Id.*

12

None of the due process criteria are met here. As Plaintiff alleges, Judge Walker lives in Tennessee and is employed as a bankruptcy judge there. (Compl., ECF No. 1, PageID.3; ECF No. 1-1, PageID.38; Am. Compl., ECF No. 66, PageID.4874.) Plaintiff does not allege that he had any interactions at all with Judge Walker. Plaintiff does not allege Judge Walker took any action in Michigan or has any business or personal connection to it. The causes of action arise from Judge Walker's activities in Tennessee, not Michigan. The Court therefore lacks personal jurisdiction over Judge Walker. *See Blessing*, 988 F.3d at 904. It should dismiss the complaint under Rule 12(b)(2).

### B. The Court should dismiss the claims for improper venue.

By statute, venue of a civil action is proper in any judicial district (1) "in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or, (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). By statute and rule, "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss . . ." or transfer the action. 28 U.S.C. § 1406(a); *see also* Fed. R. Civ. P. 12(b)(3); *Audi AG & Volkswagen of Am., Inc.*, 204 F. Supp. 2d at 1017.

The Court lacks personal jurisdiction over Judge Walker. All the events related to Plaintiff's claim occurred in Tennessee. Judge Walker resides there. None of the other defendants are alleged to reside or to have acted in Michigan in relation to the events in this case, and many of them are contesting personal jurisdiction and venue. (ECF Nos. 76, 78, 79, 86, 87, 92.) Plaintiff has not even alleged that he has any connection to the Western District; he lives in Fenton, in the

Eastern District of Michigan. (ECF No. 66, PageID.4873.) The Western District of Michigan accordingly is not an appropriate venue for Plaintiff's claims, and the Court should dismiss the complaint. *See* 28 U.S.C. § 1391(b); *Audi AG & Volkswagen of Am., Inc.*, 204 F. Supp. 2d at 1017.

**C. The Court should dismiss Plaintiff's claims for failure to complete service.**

Because Judge Walker is a federal officer, the Federal Rules of Civil Procedure require service of the summons and complaint both on Judge Walker personally as well as on the United States, which require him to serve both the U.S. Attorney's for the Western District of Michigan and the U.S. Attorney General. Fed. R. Civ. P. 4(i)(1), (2), (3); *Ecclesiastical Ord. of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 116 (6th Cir. 1988). Service is "the means by which a defendant receives notice of an action and is formally brought within a court's jurisdiction." *King*, 694 F.3d at 659. A defendant's actual notice of a suit is immaterial; if the Plaintiff fails to complete service on him, the "district court is without jurisdiction to render judgment against the defendant." *Ecclesiastical Ord. of the Ism of Am, Inc.*, 845 F.2d at 116; *see King*, 694 F.3d at 655.

Here, Plaintiff has not completed service of process on Judge Walker in accordance with Rule 4. The initial 90-day period for service expired on January 11, 2024; more than a week later, Plaintiff finally submitted a summons for Judge Walker to the Court. (Order Regarding Service, ECF No. 55, PageID.4380.) The Court subsequently extended the time for Plaintiff to complete service to August 22, 2024. (*Id.*, PageID.4383.) Shortly before that deadline passed, Plaintiff moved for another extension of time (ECF No. 61), but that motion has not been granted. Plaintiff now represents that he sent the summons and complaint to Judge Walker by certified mail several days after the deadline passed, on August 26, 2024. (ECF No. 95, PageID.5253-5254.) But the record is devoid of evidence that he served the U.S. Attorney or the Attorney General, and he in fact has not. *See Metro. Alloys Corp.*, 416 F. Supp. 2d at 563; *McBratnie v. Rettig*, Case No. 21-

14

CV-12264, 2022 WL 18958901, at *7 (E.D. Mich. Sept. 14, 2022) (dismissing claim against federal tax judge for failure to serve the U.S. Attorney's Office and Attorney General). He therefore cannot meet his burden to establish service was proper. *See Shires v. Magnavox Co.*, 74 F.R.D. 373, 377 (E.D. Tenn. 1977). The Court should dismiss the complaint against Judge Walker under Rule 12(b)(5) for incomplete service of process.

## CONCLUSION

Judge Walker has absolute judicial immunity from all the claims asserted against him in this action, and the Court should dismiss them with prejudice. Even if that defense was not available for some reason, the claims fail to plausibly allege facts sufficient to support any viable legal claim against Judge Walker. Finally, numerous procedural defects including lack of personal jurisdiction, improper venue, and failure to complete service of process justify dismissal.

Respectfully submitted,

MARK A. TOTTEN
United States Attorney

Dated: October 25, 2024

s/ *Ryan D. Cobb*
RYAN D. COBB
Assistant United States Attorney
Post Office Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404
Ryan.Cobb@usdoj.gov

15