IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JEFFREY RYAN FENTON | ) | |
| | ) | **CASE NO. 3:24-cv-01282** |
| | ) | **JUDGE CAMPBELL** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| VIRGINIA LEE STORY ET AL., | ) | |
| | ) | |
| Defendants, | ) | |

**REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANTS' VIRGINIA LEE STORY AND STORY AND ABERNATHY, PLLP'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)(2)(3)(4)&(5)**

Defendants, Virginia Lee Story and Story and Abernathy, PLLP, by and through their attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, state as follows for their Reply to Plaintiff's Objection to their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)(2)(3)(4)&(5):

**I.   Plaintiff's Objection raises no justifiable excuse for his failure to comply with the Court Rules requiring proper service of the Summons and Complaint; accordingly, Plaintiff's claims must be dismissed.**

As set forth in Defendants' Motion to Dismiss, Plaintiff filed his original Complaint more than one year ago, on October 13, 2023, and still has not complied with the Court Rules requiring Plaintiff to properly serve Defendants with the Summons and Complaint.  Fed. R. Civ. P. 4(c)(1); 4(e); 4(h); 4(m).  Plaintiff's Objection/Response admits that he has not obtained service, and asserts that there is good cause for same due to "breakdown of Plaintiff's printer," due to being "forced to fight the court on multiple occasions because the magistrate has not followed case law, among other things."  **[ECF 111, page 3]**  Respectfully, even if Plaintiff is representing himself *in pro per*, these are not justifiable excuses.  As Plaintiff acknowledges, the rules regarding proper service of a Summons and Complaint on individuals and partnerships are clearly and concisely set

forth in the Federal Rules of Civil Procedure, and it is Plaintiff's requirement to comply with same, or risk dismissal of his lawsuit. Fed. R. Civ. P. 4(c)(1), 4(e), 4(h), and 4(m).

Plaintiff has not served Defendant, Virginia Story, pursuant to the requirements set forth in Fed. R. Civ. P. 4(e), which sets forth the ways to effectuate proper service of a summons and complaint on an individual. Fed. R. Civ. P. 4(e) requires service on an individual by delivery of the summons and of the complaint to the individual personally, or by leaving a copy of each at the individual's home "with someone of suitable age and discretion," which was not accomplished here. Alternatively, because the Complaint was filed in Michigan, the rules permit service pursuant to the Michigan Court Rules, which direct that service of a summons and complaint be delivered to a defendant personally, by certified mail delivery restricted to the defendant, or by substituted service, which also was not accomplished here. MCR 2.105(A), (B). Rather, Plaintiff sent copies via certified mail to her place of employment, which was not proper service under the Federal Rules of Civil Procedure. **[ECF 121]**[1]

Plaintiff also has not served Defendant, Story & Abernathy, PLLP, pursuant to the requirements set forth in Fed. R. Civ. P. 4(h), which sets forth the ways to effectuate proper service of a summons and complaint on a partnership. Fed. R. Civ. P. 4(h)(1)[2] requires service on a partnership by delivery in the manner prescribed by Rule 4(e)(1) for serving an individual, or by delivering copies "to an agent, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," which was not accomplished here. Rather, Plaintiff sent copies via certified mail to the office, which was signed for by a receptionist. **[ECF

---

[1] Of note, defense counsel did not have copies of Plaintiff's Proofs of Service **[ECF 120, ECF 121]** when the Motion to Dismiss **[ECF 76]** was filed.
[2] Fed. R. Civ. P. 4(h)(2) is not applicable here because Defendant, Story and Abernathy, PLLP, is located in the United States.

120] Plaintiff would have needed to serve Virginia Story, her partner, Joanie Abernathy, or their law firm's resident agent, which Plaintiff did not do.

Plaintiff seemingly points the finger at Defendants, falsely accusing them of purposefully evading service, but service is not their burden, nor are they obligated to waive or accept service. Attempting service is not the same as obtaining service. *Xuan Lu v SAP Am., Inc.,* No. 22-1253, 2022 US App LEXIS 29852, 2022 WL 13983546 (6th Cir. Oct. 24, 2022) (Reasoning that proper service of process is fundamental for courts to exercise jurisdiction over Defendants in dismissing Plaintiff's Complaint where she only mailed copies to Defendants and otherwise failed to comply with Fed. R. Civ. P. 4(h) and (e), even though Defendants were aware of the lawsuit); *King v Taylor*, 649 F.3d 650, 655-56 (6th Cir. 2012) (a defendants' awareness of a lawsuit against it "makes no legal difference to the question [of] whether [it] was properly served."); *Friedman v Estate of Presser*, 929 F2d 1151, 1155-56 (6th Cir 1991) (actual knowledge is not a substitute for proper service of process). For these reasons, dismissal is proper.

## II. Plaintiff's Objection raises no justifiable excuse for his failure to comply with the Court's July 8, 2024 Order Regarding Service; accordingly, Plaintiff's claims must be dismissed.

Plaintiff cannot dispute that he was under Court Order to properly serve the Summons and Complaint on Defendants by August 22, 2024 and that he failed to comply with same. Again, Plaintiff fails to provide any justifiable excuse for his failure to obtain proper service by the August 22, 2024 deadline. Moreover, at the time of filing this reply, Plaintiff *still* has not complied with the Court's Order to properly serve these Defendants with the Summons and Complaint. *Plaintiff has had more than one year to serve Defendants and has still failed to do so*. Accordingly, Plaintiff's claims must be dismissed for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). *See Jwad v Mobis N. Am., LLC*, 2024 US Dist LEXIS 128883, _ FSupp3d _ (2024) (dismissal appropriate where plaintiff ignored clear directives from the Court to perfect service of

3

304134948v.1
Case 3:24-cv-01282    Document 162    Filed 11/05/24    Page 3 of 6 PageID #: 124

process despite warnings of potential dismissal; "Plaintiffs must navigate the labyrinth of litigation with diligence.") The Court's July 8, 2024 Order clearly and unequivocally warned that Plaintiff's Complaint would be dismissed if he failed to comply with the directive regarding service:

> **IT IS FURTHER ORDERED** that plaintiff shall serve defendants by no later than **August 22, 2024**. Plaintiff is advised that any defendant which is not properly served by that date will be **dismissed without prejudice** pursuant to Fed. R. Civ. P. 4(m). **[ECF 55]** (emphasis in original)

Even if, arguendo, Plaintiff had properly served Defendants, it is clear that he did not do so before the August 22, 2024 deadline, as Plaintiff's Proofs of Service **[ECF 120, ECF 121]** reflect that service was obtained on August 26, 2024. For these reasons, dismissal is not only proper, but it is required.

### III. Defendants withdraw their argument that A Motion for Leave to File an Amended Complaint was required.

Plaintiff's Objection / Response admits that service was not effectuated by August 21, 2024. Accordingly, Defendants withdraw their argument that a Motion for Leave to File an Amended Complaint was required pursuant to Fed. R. Civ. P. 15(a).

WHEREFORE, Defendants, Virginia Lee Story and Story and Abernathy, PLLP, respectfully request that this Honorable Court grant their Motion to Dismiss, dismiss Plaintiff's claims against them in their entirety, with prejudice, and tax all reasonable costs and attorney fees against Plaintiff where permitted by law.

Respectfully Submitted,

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

/s/ *Megan R. Calme* _____
MEGAN R. CALME (38145)
SARAH M. MATHEWS (30246)
3102 West End Ave. Suite 400
Nashville, TN 37203

4

*Attorneys for Defendants, Virginia Lee Story, and Story and Abernathy, PLLP*

Dated: November 5, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2024, I sent the foregoing document to Plaintiff via first-class mail at his address, 17195 Silver Parkway #150, Fenton, MI 48430-3426, as well as via email at contact@jefffenton.com.

*/s/ Megan R. Calme*
Megan R. Calme