IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JEFFREY RYAN FENTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 3:24-cv-01282 |
| | ) | JUDGE CAMPBELL |
| VIRGINIA LEE STORY, et al., | ) | MAGISTRATE JUDGE HOLMES |
| | ) | |
| Defendants. | ) | |

**EXPEDITED CONSIDERATION AND EMERGENCY HEARING REQUESTED**

**DEFENDANT HONORABLE CHARLES WALKER'S
<u>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u>**

Defendant, the Honorable Charles Walker (Judge Walker), by and through the United States Attorney for the Middle District of Tennessee and the undersigned Assistant United States Attorney, files this memorandum in support of his motion to dismiss, while also requesting expedited consideration and an emergency hearing.

This case was originally filed in the Western District of Michigan in October 2023, but was transferred to the Middle District of Tennessee on October 25, 2024. (*See* ECF Nos. 127, 131.) Although Judge Walker previously filed a Motion to Dismiss (*see* ECF Nos. 126, 128, 130), this filing supersedes it. The transfer to this District presents novel issues for Judge Walker, a United States bankruptcy judge for the Middle District of Tennessee. Judge Walker along with the standing Chapter 13 trustee and several attorneys who routinely practice in bankruptcy court are co-defendants, and that could create potential conflicts or other issues that may impact Judge Walker's ability to perform his duties. Because the bankruptcy court is a unit of the District Court, the expedited relief is necessary to ensure no interference with Judge Walker's ability to carry forth his judicial functions.

# INTRODUCTION

*Pro se* Plaintiff Jeffrey Fenton (Plaintiff) is suing dozens of defendants including real estate agents and companies, banks, lawyers, court officials, law enforcement, local government entities, and others he asserts were involved in depriving him of his Brentwood, Tennessee home following his divorce and his ex-wife's federal bankruptcy petition. Judge Walker presided over the ex-wife's bankruptcy case, but Plaintiff was not a party to that bankruptcy. Plaintiff's lengthy complaint has few allegations relating to Judge Walker. It appears that Plaintiff is arguing that his ex-wife's attorneys wrongfully omitted him from being listed as an owner of the house in the bankruptcy filings, that he was not notified about the bankruptcy case, and that the bankruptcy court therefore should not have allowed the house to be sold in a state court-sanctioned real estate sale.

The Court should dismiss Plaintiff's claims against Judge Walker for numerous reasons. First, Judge Walker has absolute judicial immunity from suit. Plaintiff's claims pertain to actions Judge Walker took in his capacity as a federal bankruptcy judge, and there are no allegations that Judge Walker acted outside that capacity or in the complete absence of jurisdiction. The Court therefore should dismiss the claims with prejudice under Fed. R. Civ. P. 12(b)(6). Second, even if judicial immunity did not bar the claims, Plaintiff has failed to plead any viable claim against Judge Walker under Rules 8 and (12)(b)(6). His minimal allegations relating to Judge Walker are difficult to understand; he has not provided fair notice of what his claims are and has not made plausible factual allegations against Judge Walker sufficient to support any viable claim. Third, there is a threshold procedural defect that justifies dismissal. Plaintiff has failed to complete service of process on Judge Walker in his official capacity as federal bankruptcy judge, so the claims should be dismissed under Rules 12(b)(5) and 4(i).

## BACKGROUND

It is difficult to piece together a succinct story from the allegations in Plaintiff's Amended Complaint. It appears he is alleging that his ex-wife intentionally defaulted on the mortgage on their home shortly before she filed for bankruptcy and then for a divorce. (Am. Compl., ECF No. 66, PageID.4889, 4891 ¶¶ 37, 42.) She allegedly filed a bankruptcy petition in April 2019 and her attorneys listed the home as an asset in the bankruptcy schedules. (*Id.*, PageID.4881, 4891, 4906 ¶¶ 13, 42, 79.) Plaintiff contends that his ex-wife's attorneys falsified the bankruptcy schedules, failing to list Plaintiff as a co-debtor on the home. (*Id.*, PageID.4938 ¶ 169.) He asserts that he did not receive notice of the bankruptcy. (*Id.*, PageID.4881, 4891, ¶¶ 13, 42.) The ex-wife's attorneys then allegedly sought permission in the bankruptcy action to sell the home in connection with the state court divorce proceedings. (*Id.*, PageID.4881, 4891, 4892, 4894 ¶¶ 14, 42, 45, 52.) Plaintiff argues this was improper because he was a co-owner of the property. (*Id.*, PageID.4882, 4891 ¶¶ 15, 42.) He claims that this process deprived him of certain legal protections and redemption rights he otherwise would have had. (*Id.*, PageID.4890.)

Plaintiff does not specify what Judge Walker's role was, other than that Judge Walker presided over the ex-wife's bankruptcy case and entered the bankruptcy court order relating to the sale of the house. (*See* ECF No. 1-9, PageID.226, 231.) Plaintiff was never before the bankruptcy court as a party or interested person and has no standing to raise any issues related to the bankruptcy proceeding. Nevertheless, six of the fourteen counts in the Amended Complaint arguably include Judge Walker:

- Count Six (Intentional/Negligent Infliction of Emotional Distress) (Am. Compl., ECF No. 66, PageID.4933-4940);
- Count Seven (Fraud/Concealment) (*Id.,* PageID.4940-4946);
- Count Eight (Civil Conspiracy) (*Id.,* PageID.4946-4947);
- Count Eleven (Violations of 11 U.S. Code) (*Id.,* PageID.4952-4955);
- Count Thirteen (Violations of Constitutional Rights) (*Id.,* PageID.4962-4968); and

- Count Fourteen (Discrimination/Violations of the Americans with Disabilities Act) (*Id.,* PageID.4968-4971.)

The allegations in these counts only loosely relate to Judge Walker, and they completely fail to identify any specific action by Judge Walker. For example, although Plaintiff alleges that Count Six is against "all defendants" (Am. Comp., ECF No. 66, PageID.4933 ¶ 154), he fails to allege any conduct by Judge Walker in relation to this claim. The closest Plaintiff comes is a vague assertion that he advised the defendants that "the original offenders" had violated law and rules in state court and bankruptcy court but that no one attempted to correct the violations. (ECF No. 66, PageID.4934 ¶ 157, 161.) Similarly, in Count Seven, Plaintiff complains about his lack of notice of the bankruptcy proceeding, but he makes no allegations to connect Judge Walker to this defect. Instead, Plaintiff alleges that other individuals omitted him as an owner of the house in the bankruptcy proceedings. (*Id.,* PageID.4940-4942 ¶¶ 178, 183.) Count Eight mentions no conduct by Judge Walker or the bankruptcy court. In Count Fourteen, Plaintiff includes Judge Walker in a count alleging that he was somehow discriminated against on the basis of disability in his access to the courts. However, he only refers to access issues in the Tennessee state court system and has no allegations referencing disability discrimination in federal bankruptcy court. (*Id.*, PageID.4968-4971.)

Plaintiff's allegations are only slightly more relevant to Judge Walker for Counts Eleven and Thirteen. In Count Eleven, Plaintiff alleges that Judge Walker violated the bankruptcy code by failing to notify him about the bankruptcy, even though Plaintiff was an equity security holder of the debt as an owner of the home via tenancy by the entirety. (ECF No. 66, PageID.4952-54.) But he alleges that it was another defendant who failed to list Plaintiff on the pleadings filed with the bankruptcy court. (*Id*. ¶¶ 221, 227.) This allegedly allowed the home to be sold by virtue of orders in Tennessee state court. (*Id*., PageID.4953 ¶ 223.) In Count Thirteen, Plaintiff relies on

the same factual allegations to allege that failing to include the home in bankruptcy, rather than state court proceedings, violated his constitutional due process rights. (*Id.,* PageID.4962-4964.) This count also fails to include any allegations about Judge Walker specifically, and instead focuses on the conduct of other defendants. (*Id*. PageID.4962-4968.)

## LEGAL STANDARDS

Federal Rule of Civil Procedure 8 requires a complaint to "adequately inform the defendant of the plaintiff's claim 'and the grounds upon which it rests.'" *Clanton v. Sam's Club*, No. 21-2824, 2022 WL 18781403, at *1 (6th Cir. Apr. 22, 2022) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). It "proscribes . . . obfuscation of the plaintiff's claims" and a pleading may be dismissed when it would "cause…undue difficulty in determining the claims and allegations actually at issue." *Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021). A plaintiff must "connect specific facts or events with the various causes of action [he] asserted." *Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392 (6th Cir. 2020) (quotation omitted). Although *pro se* complaints are held to a less stringent standard than pleadings attorneys file, Plaintiff still must satisfy the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citation omitted).

Rule 12(b)(6) provides for dismissal where a complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To state a valid claim, a complaint must contain . . . allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007)). A court should dismiss a claim under Rule 12(b)(6) when the plaintiff has failed to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly* at 570). A claim is facially plausible only where it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal* at 678. While the court should accept the complaint's factual allegations as true in connection with a Rule 12(b)(6) motion, the court need not accept legal conclusions, including those that are couched as factual allegations. *Id.*

A motion under Rule 12(b)(5) challenges a plaintiff's failure to complete service of process. *See King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97 (1987); *see also O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) ("Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties.") Indeed, rather than being "some mindless technicality," proper service of process is an essential prerequisite to the Court gaining personal jurisdiction over the defendant. *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)).

A plaintiff is responsible for serving the summons and complaint in accordance with Fed. R. Civ. P. 4. Service upon a United States officer is governed by Rule 4(i). A plaintiff must serve the U.S. Attorney's Office and U.S. Attorney General, in addition to sending a copy of the summons and complaint to the officer. Fed. R. Civ. P. 4(i)(1)-(2); *Ecclesiastical Ord. of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 116 (6th Cir. 1988). "The burden is on the plaintiff to exercise due diligence to perfect service of process after the filing of the complaint and … establish that proper service has been made." *Campbell v. United States*, 496 F. Supp. 36, 39 (E.D. Tenn. 1980) (internal citations omitted). "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King*, 694 F.3d at 655.

# ARGUMENT

Judge Walker is immune from suit arising from his judicial duties, so dismissal with prejudice is required. Even if he was not, Plaintiff's complaint also fails to state a viable claim under Rules 8 and 12(b)(6). Additionally, Plaintiff cannot establish that the Court has personal jurisdiction over Judge Walker in his official capacity as bankruptcy judge because Plaintiff has not perfected service of process as required under Rule 4(i).

## I. The Court should dismiss Judge Walker from this suit with prejudice because he has absolute judicial immunity.

A judge is "entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994); *see also Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction.") (quotation omitted); *Lawrence v. Pelton*, 413 F. Supp. 3d 701, 710 (W.D. Mich. 2019). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles*, 502 U.S. at 11. A court should dismiss a claim against a judge for money damages arising from the judge's judicial acts. *See id.*

What constitutes a judicial act is interpreted broadly, and immunity applies to any function a judge normally performs. *See Stump v. Sparkman*, 435 U.S. 349, 362 (1978). When determining whether an act is judicial in nature, a court may also consider "the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Id.* A court "may infer" that a party expected a judge to be serving in his judicial capacity where, for example, the party submitted a motion or petition to the judge for approval. *See Stump*, 435 U.S. at 362. Rulings in "bankruptcy proceedings over which the bankruptcy court had jurisdiction" are judicial functions for which a

judge has absolute judicial immunity. *Farrier v. Leicht*, No. 20-3528, 2020 WL 13017227, at *2 (6th Cir. Nov. 24, 2020); *see also Massey v. Stosberg,* 136 F. App'x 719, 720 (6th Cir. 2005) (bankruptcy judge had judicial immunity from claims he violated plaintiffs' constitutional rights by rejecting their Chapter 12 plan, terminating the automatic stay, and failing to protect their interests in the distribution of their assets).

A judge's act does not lose its judicial nature if the judge erred or exceeded his authority, or even if the judge took the action in bad faith or with malice. *Mireles*, 502 U.S. at 11. Judicial immunity applies regardless of the motives with which a judicial act was performed, "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger*, 474 U.S. at 199-200 (quotation omitted). This absolute immunity guarantees that a judge is not subjected to the "discovery and eventual trial" necessary to resolve factual disputes, and it is "essential to protect the integrity of the judicial process." *Mireles*, 502 U.S. at 11; *Cleavinger*, 474 U.S. at 200. It applies in cases seeking injunctive relief for alleged constitutional violations by federal judges. *Kipen v. Lawson*, 57 F. App'x 691 (6th Cir. 2003).

Judge Walker has absolute judicial immunity from Plaintiff's suit. Plaintiff is seeking damages and other relief for judicial actions Judge Walker undertook as the judge presiding over a bankruptcy case in which Plaintiff's ex-wife was the debtor, and in which Judge Walker's ruling allegedly impacted the sale of Plaintiff's former marital home. He does not allege any actions by Judge Walker other than failing to ensure Plaintiff had notice of the bankruptcy case and failing to take jurisdiction over the home away from the state court as part of the bankruptcy. Accordingly, Judge Walker is entitled to judicial immunity from the claims.

No exception to judicial immunity applies here. Judicial immunity "is overcome in only two sets of circumstances." *Mireles*, 502 U.S. at 11. First, "a judge is not immune from liability

8

for nonjudicial actions," meaning "actions not taken in the judge's judicial capacity." *Id.* at 11. Plaintiff does not allege any nonjudicial act by Judge Walker. To the contrary, as discussed above, all Plaintiff's allegations relate to quintessential judicial actions, such as determining what assets are part of a bankruptcy estate and how they may be treated within the bankruptcy. If anything, Plaintiff's critique of Judge Walker is that he did not assume *greater* jurisdiction over the marital home as part of those proceedings—that he could have taken additional action but did not. Plaintiff's erroneous allegations imply that Judge Walker was responsible for giving Plaintiff notice or otherwise making legal determinations that the attorneys for Plaintiff's ex-wife and the other parties were solely responsible for in the bankruptcy case. Second, "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 12; *see also Stump*, 435 U.S. at 356 (holding that "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge"). Plaintiff does not allege that Judge Walker acted without jurisdiction. As a result, absolute judicial immunity applies to Judge Walker and Plaintiff's claims against him must be dismissed with prejudice.

## II. Plaintiff fails to plead a plausible claim against Judge Walker.

Plaintiff's broad, colorful conspiracy theory involving dozens of defendants is speculative at best. Plaintiff's legal claims against Judge Walker in particular are even less compelling. The claims are generic and vague, and completely fail to state a plausible claim upon which relief may be granted. That Plaintiff was never before the bankruptcy court as a party or interested person strongly suggests that he has no viable claim against Judge Walker. And Plaintiff lacks standing to raise issues related to his ex-wife's bankruptcy proceeding. Plaintiff's Amended Complaint and other filings are difficult to understand; his claims are completely devoid of merit and should be disposed of quickly with prejudice. Dismissal pursuant to Rule 8 is appropriate. *See also Harold v. Wells Fargo Bank Ass'n*, No. 1:16-CV-1038-JDB-EGB, 2016 WL 6902550, at *4 (W.D. Tenn.

Nov. 2, 2016), *report and recommendation adopted*, 2016 WL 6902485 (W.D. Tenn. Nov. 23, 2016), *aff'd*, 2018 WL 6719715 (6th Cir. Aug. 22, 2018) ("Because Plaintiffs' Complaint is incomprehensible and violates Rule 8 of the Federal Rules of Civil Procedure, the Magistrate Judge recommends its dismissal."); *Nassar El v. Smith*, No. 11-11957, 2012 WL 313985, at *3 (E.D. Mich. Jan. 31, 2012) ("Under this record, no amount of liberal construction of Plaintiff's *pro se* submissions can rescue this suit from dismissal."); *Phillips v. Greene Cnty., Tenn.*, 524 F. Supp. 1, 1 (E.D. Tenn. 1980), *aff'd sub nom, Phillips v. Greene Cnty., Tenn.*, 665 F.2d 1046 (6th Cir. 1981) ("The pro se complaint herein is virtually incomprehensible; it does not comply in the slightest way with the elementary requirements of federal pleading as set forth in Rule 8(a), Federal Rules of Civil Procedure.").

Further, Plaintiff has failed to make factual allegations involving Judge Walker that could fulfill the elements of any recognized legal claim. *See Bredesen,* 500 F.3d at 527. As noted above, Counts Six, Seven, and Eight do not identify any action by Judge Walker that inflicted emotional distress on Plaintiff or constituted fraud, concealment, or conspiracy. He generically lumps Judge Walker in with all the other defendants, while only specifying conduct by others and broadly asserting that courts have not remedied the alleged misconduct or have violated judicial canons or other rules or law. This is insufficient under Rules 8 and 12(b)(6). Plaintiff has failed to "provide any facts that would have allowed the district court to reasonably infer what [the federal judges] did that was in violation of any law or statute, in order to be civilly liable for some misconduct." *Riley v. United States*, 838 F. App'x 388, 390 (11th Cir. 2020) (citing *Iqbal*). Dismissal is appropriate under Rule 12(b)(6) where the allegations do "not amount to more than labels or conclusory statements about the alleged misconduct of the federal judges." *Id.*

Count Eleven attempts to allege violations of various bankruptcy code provisions but includes no allegations about Judge Walker's conduct that could give rise to a cause of action in federal district court. While Plaintiff contends that the bankruptcy court did not notify Plaintiff of the bankruptcy, he alleges that this was "[a]s a result" of a different defendant's omission of Plaintiff from the papers filed in bankruptcy court. (ECF No. 66, PageID.4952 ¶ 221.) Plaintiff cites no authority for a civil cause of action in federal district court for alleged violations of the cited bankruptcy code sections in relation to actions of the bankruptcy court itself. *See, e.g., Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417 (6th Cir. 2000) (no private right of action for violation of 11 U.S.C. § 524 or through § 105); *Mason v. SunTrust Mortg., Inc.*, No. 3:16-383, 2016 WL 9409010, at *4 (M.D. Tenn. May 6, 2016) (noting that there is no private cause of action outside bankruptcy court for violation of 11 U.S.C. § 362); *In re Valentine*, 196 B.R. 386, 388 (Bankr. E.D. Mich. 1996) (no civil action for violation of 18 U.S.C. § 3057, which relates to referrals of suspected offenses committed in bankruptcy proceedings).

Count Thirteen fails to identify what Judge Walker did to violate the Constitution. Instead, it alleges that another defendant failed to identify in bankruptcy filings that Plaintiff had a financial interest in the home, preventing Plaintiff from knowing about the bankruptcy, and that various other defendants took actions or made statements that deprived him of property or due process. (ECF No. 66, PageID.4963-4368.) A plaintiff is required to allege with particularity what each defendant did to violate the Constitution. *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (dismissing claims against federal agents for failure to allege details of their personal involvement, and only making categorical or collective allegations against them as defendants); *Dorsey v. Barber*, 517 F.3d 389, 399 (6th Cir. 2008) (each defendant's liability must be assessed individually, based on his or her own actions). "[E]ach Government official . . . is only liable for

his or her own misconduct." *Iqbal*, 556 U.S. at 677. Plaintiff's allegations in Count Thirteen are neither clear nor particularized to Judge Walker, so they fail to state a claim.

Count Fourteen likewise does not state an ADA claim against Judge Walker. It only identifies actions by other defendants and in state court. In addition, the thrust of Plaintiff's Amended Complaint about the bankruptcy court is that he never knew about the bankruptcy court proceedings, so he cannot demonstrate that the bankruptcy court discriminated against him on the basis of disability. Regardless, the ADA does not apply to federal courts, which are not covered public entities under the ADA. 42 U.S.C. § 12131; *Bank of Am., N.A. v. Mixon*, No. 1:21-CV-430, 2022 WL 19332931, at *1 (W.D. Mich. Sept. 8, 2022); *Roman v. Jefferson at Hollywood LP*, 495 F. App'x 804 (9th Cir. 2012) (same); *Torrence v. U.S. Bankr. Ct. for the Northern District of Illinois*, No. 17 C 3120, 2017 WL 3593116, at *4 (N.D. Ill. Aug. 21, 2017) (explaining that neither the ADA nor the Rehabilitation Act apply to federal courts and rejecting claim brought against federal bankruptcy court for failure to accommodate).

In sum, Plaintiff's claims against Judge Walker should be dismissed under Rules 8 and/or 12(b)(6).

### III. The Court should dismiss Plaintiff's Amended Complaint for lack of service.

According to the Amended Complaint, Plaintiff is suing Judge Walker individually[1] and in his official capacity. Because Judge Walker is a federal officer, the Federal Rules of Civil Procedure require service of the summons and complaint on the United States, in addition to sending a copy of the same to Judge Walker. *See* Fed. R. Civ. P. 4(i). To properly serve the United States, a plaintiff must serve the U.S. Attorney in the district where the action is brought, and the U.S. Attorney General. Fed. R. Civ. P. 4(i)(1)-(2); *Ecclesiastical Ord. of the Ism of Am, Inc.*, 845

---

[1] Since all allegations against Judge Walker relate to his actions taken as bankruptcy judge, suing him individually was futile.

F.2d at 116. Service is "the means by which a defendant receives notice of an action and is formally brought within a court's jurisdiction." *King*, 694 F.3d at 659. A defendant's actual notice of a suit is immaterial; if the plaintiff fails to complete service on him, the "district court is without jurisdiction to render judgment against the defendant." *Ecclesiastical Ord. of the Ism of Am, Inc.*, 845 F.2d at 116; *see King*, 694 F.3d at 655.

Here, Plaintiff has not completed service of process on Judge Walker in accordance with Rule 4(i). The record is devoid of evidence that Plaintiff served the U.S. Attorney General, he never served the U.S. Attorney in the Western District of Michigan despite the case pending in that district for almost a year, and he has not served the U.S. Attorney for the Middle District of Tennessee. *See Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006); *McBratnie v. Rettig*, No. 21-CV-12264, 2022 WL 18958901, at *7 (E.D. Mich. Sept. 14, 2022) (dismissing claim against federal tax judge for failure to serve the U.S. Attorney's Office and Attorney General); *Ross v. Soc. Sec. Admin. United States of Am.*, No. 2:21-CV-2508-MSN-ATC, 2023 WL 6178443, at *4 (W.D. Tenn. Sept. 21, 2023) (the plaintiff's failure to make service on the Attorney General under Rule 4(i)(1)(B) means he has not served the United States). He therefore cannot meet his burden to establish service was proper. *See Shires v. Magnavox Co.*, 74 F.R.D. 373, 377 (E.D. Tenn. 1977). The Court should dismiss the complaint against Judge Walker under Rules 12(b)(5) for lack of personal jurisdiction, and 4(i) for incomplete service of process on a federal officer.

## **CONCLUSION**

Judge Walker has absolute judicial immunity from all the claims asserted against him in this action, and the Court should dismiss them with prejudice. Even if that defense was not available for some reason, the claims fail to plausibly allege facts sufficient to support any viable

13
Case 3:24-cv-01282    Document 168    Filed 11/13/24    Page 13 of 15 PageID #: 159

legal claim against Judge Walker. Finally, the Court lacks personal jurisdiction over Judge Walker because Plaintiff has failed to complete service of process on a federal officer.

For these reasons, Judge Walker's motion to dismiss should be granted.

Respectfully submitted,

THOMAS J. JAWORSKI
Acting United States Attorney
Middle District of Tennessee

s/ Anica C. Jones
ANICA C. JONES, B.P.R. # 025325
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, TN 37203
Telephone: (615) 736-5151
Email: anica.jones@usdoj.gov
*Attorney for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following, if registered, by operation of the Court's electronic filing system. If not registered, notice was sent by First Class, United States mail, postage prepaid, to the following:

| | |
|---|---|
| Jeffrey Ryan Fenton<br>17195 Silver Parkway #150<br>Fenton, MI 48430 | Valerie Henning Mock<br>Wilson Elser Moskowitz Edelman & Dicker LLP (Livonia)<br>17197 N Laurel Park Drive, Ste. 201<br>Livonia, MI 48152 |
| Brian Joseph Gallagher<br>Lennon Miller PLC<br>151 S Rose Street, Ste. 900<br>Kalamazoo, MI 49007 | Peako Andrea Jenkins<br>Tennessee Attorney General's Office<br>P.O. Box 20207<br>Nashville, TN 37202-0207 |
| Sandra J. Densham<br>Plunkett Cooney (Grand Rapids)<br>333 Bridge Street, NW, Ste. 530<br>Grand Rapids, MI 49504 | Thomas E. Anderson<br>1187 Old Hickory Blvd., Ste. 125<br>Brentwood, TN 37027 |
| Laura C. Baucus<br>Dykema Gossett PLLC (Bloomfield Hills)<br>39577 Woodward Avenue, Ste. 300<br>Bloomfield Hills, MI 48304 | Bret Chaness<br>Rubin Lublin, LLC<br>3145 Avalon Ridge Place, Ste 100<br>Peachtree Corners, GA 30071 |
| Benjamin E. Goldammer<br>Danica G Suedekum<br>Kay Griffin, PLLC<br>222 Second Avenue North, Suite 340-M<br>Nashville, TN 37201 | Michael L. Gutierrez<br>Tyler A. Burk<br>Butzel Long PC (GR)<br>300 Ottawa Avenue, NW, Ste. 620<br>Grand Rapids, MI 49503 |
| Dawn Nicole Williams<br>Dykema Gossett PLLC (Lansing)<br>Capitol View Bldg.<br>201 Townsend Street, Ste. 900<br>Lansing, MI 48933 | |

s/ Anica C. Jones
ANICA C. JONES
Assistant United States Attorney