# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

JEFFREY RYAN FENTON,        )
                                  )
      **Plaintiff,**         )
                                  )  **Case No. 3:24-cv-01282**
**v.**                                )
                                  )
VIRGINIA LEE STORY, ET AL.,    )
                                  )
      **Defendants.**     )

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF WILLIAMSON COUNTY, TENNESSEE AND WILLIAMSON COUNTY SHERIFF'S OFFICE

Come Defendants Williamson County and Defendant Williamson County Sheriff's Office (the "County Defendants"),[1] by and through counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, file the instant Memorandum of Law in support of their Motion to Dismiss the claims raised against them in the Amended Complaint[2].

## FACTS AND PROCEDURAL HISTORY

Plaintiff filed this action against numerous Defendants, including real estate agents, banks, lawyers, court officials, and others he claims were involved in depriving him of his house in Williamson County, Tennessee. His claims against Williamson County were first filed in the Western District of Michigan (Doc.1), and he later amended his complaint (Doc.

---

[1] Williamson County Sheriff's Office is not a separate legal entity from Williamson County, Tennessee, but is named separately in the Amended Complaint. Accordingly, Williamson County moves on its own behalf and on behalf of its Sheriff's Department for dismissal. A third County Defendant, Chancery Clerk and Master Elaine Beeler, has not been served with process and will file an appropriate responsive pleading at a future time.
[2] These Defendants filed a limited appearance in the Western District of Michigan for purposes of challenging venue and jurisdiction in that Court. In light of the Court's transfer of the claim to the appropriate venue, Defendants now challenge the Amended Complaint on the basis of Plaintiff's failure to state a claim upon which relief can be granted.

1

66) to add the "Williamson County Sheriff's Office."

The Amended Complaint purports to allege fourteen causes of action against various Defendants. While not a model of clarity, it appears that the causes of action that are intended to include Williamson County[3] are Count 2: Violation of Tenn. Code Ann. §39-16-507 (purportedly against the County and numerous other defendants); Count 3: Violation of Tenn. Code Ann. §39-15-510 (purportedly against the County and numerous other defendants); Count 6: Intentional/Negligent Infliction of Emotional Distress (purportedly against "all defendants"); Count 7: Fraudulent Concealment (purportedly against "all defendants" except two); Count 8: Civil Conspiracy (purportedly against "all defendants"); Count 12: Violation of Civil Rights (Section 1983 and 1985) (purportedly against the County and multiple other Defendants); Count 13: Violation of Constitutional Rights (purportedly against the County and multiple other Defendants); and Count 14: Americans with Disabilities Act (purportedly against the County and multiple other Defendants). Despite including Williamson County in his definition of "state defendants" whom he alleges committed these various causes of action, Plaintiff makes no specific factual allegations against Williamson County. There is no mention of the Williamson County Sheriff's Office other than to name it as a Defendant.

After these Defendants made a limited appearance in the Michigan District Court for the purposes of challenging jurisdiction and venue (Doc. 78), the case was then transferred to this Court in lieu of dismissal. (Doc. 127). Defendant Williamson County and its Sheriff's Office now move for dismissal for failure to state a claim upon which

---

[3] The "Chancery Court for Williamson County" is actually a state court, rather than a county court, and is represented by the Attorney General's office in this matter.

relief can be granted.

**STANDARD OF REVIEW**

Dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the plaintiff's factual allegations fail as a matter of law to state a claim upon which relief can be granted. Fed. R. Civ. P. Rule 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). The "district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). Nonetheless, some degree of specificity is required. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a Rule 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678-679. Dismissal with prejudice pursuant to Rule 12(b)(6) is appropriate with respect to the claims against these Defendants.

I. **All of Plaintiff's claims against these Defendants are barred by the statute of limitations.**

The statute of limitations for a § 1983 or 1985 action for violation of civil rights or constitutional rights is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claims arises." *Eidson v. Tenn. Dep't of Children's Servs.,* 510 F.3d 631, 634 (6th Cir. 2007); *Erwin v. Neal*, 494 F.2d 1351, 1352 (6th Cir.1974). The limitations period for both personal injury actions and § 1983 actions arising in Tennessee is one year. Tenn. Code Ann. § 23-3-104(a); *Porter v. Brown*, No. 07-6336, 289 F. App'x 114, 116 (6th Cir. Aug. 19, 2008). The statute of limitations for

3

Americans with Disabilities Act cases in this jurisdiction is also one year. *Collier v. Austin Peay State Univ.*, 616 F. Supp. 2d 760, 771 (M.D. Tenn. 2009). The statute of limitations for tort claims brought against a local governmental entity in Tennessee is one year, whether for personal injury or otherwise, thus barring Plaintiff's negligent and intentional infliction of emotional distress and fraudulent concealment claims pursuant to Tenn. Code Ann. §29-20-305[4]. The original Complaint (ECF No. 1), naming Williamson County, among others, as a Defendant, was filed in the Western District of Michigan on October 13, 2023. Accordingly, all claims arising prior to October 13, 2022, a year prior to the date of filing of the initial Complaint, are barred by the statute of limitations.[5] The Complaint and Amended Complaint (as discussed further below) contain no specific allegations as to these Defendants, and certainly contain no allegations that occurred within the statute of limitations period, where the allegations that have even a tangential relationship to these Defendants appear to relate to events that occurred in 2018 and 2019.

**II.      The Amended Complaint fails to Allege Adequate Facts to State a Claim Against the County or Sheriff's Office.**

Further, even if not barred by the statute of limitations, the claims outlined in the Amended Complaint must be dismissed where Plaintiff fails to plead facts sufficient to

---

[4] The statute of limitations for a civil conspiracy claim is governed by the underlying predicate tort, and if the underlying tort fails, the conspiracy claim also fails. *Levy v. Franks*, 159 S.W.3d 66 (Tenn. Ct. App. 2004). While it is unclear in this case what underlying predicate tort these Defendants allegedly conspired to commit, since the one-year statute of limitations applies to all of the other allegations against these Defendants, the civil conspiracy claim would also fall within the one year statute of limitations.

[5] Williamson County Sheriff's Office was not named in the initial Complaint, but only in the Amended Complaint, filed on August 21, 2024 (ECF No. 66). Accordingly, if it were a separate entity from Williamson County, which it is not, the statute of limitations would bar any action arising prior to August 21, 2023, a year prior to the filing of the Amended Complaint.

4

state a cause of action against the County Defendants. There are no allegations whatsoever against the Williamson County Sheriff's Office, other than to simply name it as a Defendant. The sole mention of Williamson County as a defendant, other than simply listing it as such in Plaintiff's definition of the catch-all "state defendants," is in paragraph 61 of the Amended Complaint, which states that "Defendants" (including the County) had "committed multiple felonies against Plaintiff." In various other counts, Plaintiff makes vague allegations against "state defendants," which may or may not include the County, without any specific allegation related to its alleged conduct.

These conclusory assertions, without support of specific factual allegations, are not sufficient to state a claim under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The Amended Complaint does not set forth facts upon which the County or its Sheriff's Office can be found liable. *Iqbal* and *Twombly* require that to avoid dismissal for failure to state a claim, a complaint must contain more than "labels and conclusions," or "naked assertions devoid of further factual enhancement." The allegations against Williamson County and its Sheriff's Office fall far short of the requirements of *Iqbal* and *Twombly* and therefore all claims must be dismissed. The claims Plaintiff makes against "state defendants" without any reference to particularized action of Williamson County or its Sheriff's Office do not come close to meeting the requirement that a plaintiff make factual allegations of wrongdoing specific to each defendant. *See, et., City of Pontiac Police & Fire Ret. Sys. V. Jamison,* 2022 U.S. Dist. LEXIS 53096 (M.D. Tenn. March 24, 2022). The claims must therefore be dismissed.

5

### A. Plaintiff's Civil Rights, Constitutional and Americans with Disabilities Act claims must be dismissed.

Plaintiff's claims against Williamson County and "Williamson County Sheriff's Office" are municipal liability claims. A plaintiff raising a municipal liability claim under § 1983 must demonstrate that the alleged violation occurred because of a municipal policy or custom. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). To establish an illegal policy or custom under *Monell* that supports municipal liability, a plaintiff must allege and show one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision- making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence to federal rights violations." *Burgess v. Fischer*, 735 F.3d 462 (6th Cir. 2013). A plaintiff asserting a § 1983 claim must, "identify the policy, connect the policy to the [County] itself and show that the particular injury was incurred because of the execution of that policy." *Graham ex rel. Estate of Graham v. Cnty. Of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004)). Plaintiff has failed to properly plead a *Monell* claim and failed to otherwise meet the burdens under § 1983 and *Monell* and therefore, the claims against the County and Sheriff's Office should be dismissed.

The Amended Complaint does not set forth facts upon which the County or its Sheriff's office can be found liable under § 1983. "In the context of Section 1983 municipal liability, district courts in the Sixth Circuit have interpreted *Iqbal's* standards strictly." *Hutchison v. Metro. Gov't of Nashville & Davidson Cty.*, 685 F.Supp.2d 747, 751 (M.D. Tenn. 2010) (collecting cases). Failure to allege an unconstitutional government policy, which then caused a deprivation of a protected interest, precludes government

liability under § 1983. *Arnold v. Metro. Gov't of Nashville and Davidson Cty.*, No. 3:09cv0163, 2009 U.S. Dist. LEXIS 68865, at \*9 (M.D. Tenn. Aug. 6, 2009).

The ADA claim against the County and its Sheriff's Office also fails. To establish a prima facie case for failure to accommodate, a plaintiff must show that: (1) he is disabled; (2) he is otherwise qualified for the service, with or without reasonable accommodation; (3) the defendant knew or had reason to know of his disability; (4) he requested an accommodation; and (5) defendant failed to provide the necessary accommodation. *Diemond v. Mich. Dep't of Corr.*, No. 18-1344, 2018 U.S. App. LEXIS 31001 (6th Cir. Oct. 31, 2018). Here, Plaintiff does not claim that Williamson County nor its Sheriff's Office knew of any alleged mental disability or that he requested an accommodation of either Defendant. Even if Plaintiff alleged that Williamson County or its Sheriff's Office were responsible for the action of some employee, such a claim would fail in this context, because vicarious liability is not available against a municipality under the ADA. *Jones v. City of Detroit*, No. 17-11744, 2019 U.S. Dist. LEXIS 93018, at \*15-17 (E.D. Mich. June 4, 2019); *Lake v. Bd. of Cty. Comm'rs*, No. 3:18-cv-143, 2020 U.S. Dist. LEXIS 42095, at \*15 (S.D. Ohio Mar. 11, 2020).

The Amended Complaint does not contain factual allegations supporting a claim against Williamson County or its Sheriff's Office for violations of civil or constitutional rights or the Americans with Disabilities Act, and therefore Counts 12, 13 and 14 must be dismissed. Likewise, Plaintiff fails to articulate his state law tort claims, fraudulent concealment claim[6], or "civil conspiracy" claim with sufficient particularity to survive a

---

[6] Fraud must be alleged with particularity. Fed. R. Civ. Pr. 9(b). Here, Plaintiff has failed to meet even general relaxed pleadings requirements, much less the specific requirements

motion to dismiss, and therefore Counts 6, 7 and 8 must be dismissed.

### III. The State Law Claims for negligent infliction of emotional distress are barred by the Civil Rights Exception to the Governmental Tort Liability Act (GTLA), and Immunity is not removed for intentional infliction of emotional distress or fraudulent concealment under the GTLA.

As an initial matter, should this Court dismiss the claims arising under federal law, Plaintiffs' state law claims should also be dismissed. *Widgren v. Maple Grove Twp.*, 429 F.3d 575, 586 (6th Cir. 2005) ("District courts have discretion to refuse to exercise supplemental jurisdiction over state law claims if 'the district court has dismissed all claims over which it has original jurisdiction.'") (quoting 28 U.S.C. § 1367(c)(3)). Secondly, for the same reasons that the civil rights and ADA claims are not sufficiently pled, nor are the state law tort claims. In any event, Plaintiffs' state law infliction of emotional distress claims and fraudulent concealment claims are barred by governmental immunity.

Under the Tennessee Governmental Tort Liability Act ("GTLA"), governmental entities are generally immune from liability for injuries resulting from the exercise of governmental or proprietary functions. Tenn. Code Ann. § 29-20-201(a). The Tennessee General Assembly has determined that "absolute immunity is required for the free exercise and discharge" of governmental duties and that governmental entities "must be permitted to operate without concern for the possibility of litigation arising from the faithful discharge of their duties." Tenn. Code Ann. § 29-20-201(b)(1). The GTLA removes governmental immunity in certain specific circumstances, but when immunity is removed,

---

necessary to state a claim for fraudulent concealment. Plaintiff fails to allege any specific fraudulent representation or act of concealment by either of these Defendants.

"any claim for damages must be brought in strict compliance with the terms of [the Act]." Tenn. Code Ann. § 29-20-201(c).

Notably, immunity for an intentional wrongful act of a governmental employee is not removed under the GTLA, thus barring Plaintiff's intentional infliction of emotional distress claim. *Olivier v. City of Clarksville,* 2017 Tenn. App. LEXIS 564 (Tenn. Ct. App. 2017). And Plaintiff's fraudulent concealment claim is barred by Tenn. Code Ann. §29-20-205(6), which expressly preserves immunity as to all misrepresentations made by a governmental entity employee – whether intentional or negligent. *Goot v. Metropolitan Govt. of Nashville,* 2005 Tenn. App. LEXIS 708 (Tenn. Ct. App. 2005).

As to the negligent infliction claim, one of the circumstances in which the GTLA removes governmental immunity is "for injury proximately caused by a negligent act or omission of any employee within the scope of his employment." Tenn. Code Ann. § 29-20-205. However, immunity from negligent employee conduct is *not* removed if the injury arises out of certain enumerated circumstances. Tenn. Code Ann. § 29-20-205(1)-(9). One of these statutory exemptions is for cases in which "the injury arises out of...civil rights." Tenn. Code Ann. § 29-20-205(2).

The Sixth Circuit recently summarized when a claim "arises out of civil rights" under Tennessee law. In *Mosier v. Evans*, the plaintiff was being booked into the local county jail. 90 F.4th 541, 545 (6th Cir. 2024). He began resisting the officer escorting him and injured his head in the ensuing scuffle. *Id.* Following this incident, the plaintiff filed suit against the officer and the county, bringing federal civil-rights and state-law negligence claims against each. *Id.* Relevant to the instant litigation, the trial court dismissed the negligence claims against the county and the officer in his official capacity. *Id.* at 550. It

9

held that the GTLA's civil rights exception barred the plaintiff's negligence claims, and the Sixth Circuit agreed. *See id.* at 550, 555.

In reaching this conclusion, the Sixth Circuit analyzed two recent Tennessee Court of Appeals cases concerning the civil rights exception: *Cochran v. Town of Jonesborough*, 586 S.W.3d 909 (Tenn. Ct. App. 2019) and *Siler v. Scott*, 591 S.W.3d 84 (Tenn. Ct. App. 2019). *Mosier*, 90 F.4th at 551–52. From these cases, the Sixth Circuit was able to distill that "an injury arises out of civil rights when a civil-rights violation is the 'gravamen' of the complaint." *Id.* at 553. A plaintiff's characterization of a claim does not matter nor does there have to be an actual civil-rights violation.[7] *Id.* (citing *Cochran*, 586 S.W.3d at 918–20). "Rather, Tennessee courts ask whether the claim is 'based on the same facts' or is sufficiently related to an accepted civil-rights claim[]" to determine whether the civil rights exception applies. *Id.* (quoting *Cochran*, 586 S.W.3d at 918–19). Moreover, "'the presence of a civil rights claim is not strictly necessary' for the GTLA's civil rights exception to bar a negligence claim" because "'under *Cochran*,' the issue is whether the negligence claim[] 'sound[s] in civil rights[.]'" *Id.* (quoting *Devereux v. Knox Cnty.*, 15 F.4th 388, 397 (6th Cir. 2021)). Here, Plaintiff's claims of negligent infliction of emotional distress arise out of the same circumstances as his claims of violations of civil and constitutional rights and are therefore barred.

Because immunity of the governmental entity is not removed for intentional infliction of emotional distress by a governmental employee, and because Plaintiff's negligent infliction of emotional distress claim is barred by the civil rights exception, the

_____

[7] Indeed, the *Cochran* Court held that the civil rights exception barred a plaintiff's GTLA claims even though the federal court hearing the plaintiff's case prior to remand "specifically found that there was no civil rights violations [sic.]." 586 S.W.3d at 914–15.

state law tort claims must be dismissed. This conclusion is unaffected by the fact that—for the reasons discussed above—Plaintiffs' civil rights claims must also be dismissed. See *Cochran*, supra, 586 S.W.3d at 914–15.

### IV. Counts Two and Three of the Amended Complaint Must be Dismissed Where They Do Not State a Cause of Action.

Counts Two and Three of the Amended Complaint rely upon alleged violations of criminal statutes by various Defendants. They contain no specific allegations against Williamson County or its Sheriff's Office, but even if they did, they would not create a cause of action. The statutes upon which Plaintiff relies are criminal in nature and create no private civil cause of action. Accordingly, these claims should be dismissed.

For the foregoing reasons, Williamson County and Williamson County Sheriff's Office respectfully request that this Court dismiss all claims against them, with prejudice.

Respectfully submitted,

*/s/Lisa M. Carson*
Lisa M. Carson, BPR# 14782
**BUERGER, MOSELEY & CARSON, PLC**
*Attorney for Defendants Williamson County, Tennessee and Williamson County Sheriff's Office*
4068 Rural Plains Circle, Suite 100
Franklin, TN 37064
Telephone: (615) 794-8850
Facsimile: (615) 790-8861
Email: lcarson@buergerlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been filed and delivered via U.S. mail on November 18, 2024 to the following:

Jeffrey Ryan Fenton
17198 Silver Parkway, #150
Fenton, MI 48430-3426

11

I certify that a true and exact copy of the foregoing has been forwarded via the Court's electronic filing system on November 18, 2024 to the following:

Megan R. Calme
Wilson Elser Moskowitz Edelman & Dicker, LLP
3102 West End Avenue
Suite 400
Nashville, TN 37203

Sarah M. Mathews
Wilson Elser Moskowitz Edelman & Dicker, LLP
3102 West End Avenue
Suite 400
Nashville, TN 37203

Anica Clarissa Jones
U.S. Attorney's Office
719 Church Street
Suite 3300
Nashville, TN 37203

Sandra J. Densham
Plunkett Cooney
333 Bridge Street, NW, Suite 530
Grand Rapids, MI 49504

Thomas Anderson
1187 Old Hickory Boulevard, Suite 125
Brentwood, TN 37027

Laura C. Baucus
Dykema Gossett PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304

Bret Chaness
Rublin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071

Dawn Nicole Williams
Dykema Gossett PLLC
Capitol View Building
201 Townsend Street, Suite 900
Lansing, MI 48933

Peako Jenkins
Assistant Attorney General
P.O. Box 20207
Nashville, TN 37202-0207

Benjamin E. Goldammer
Danica G. Suedekum
Kay Griffin, PLLC
222 Second Avenue North
Suite 340-M
Nashville, TN 37201

George H. Cate, III
Bradley Arant Boult Cummings, LLP
(Nashville, TN Office)
1221 Broadway
Suite 2400
Nashville, TN 37203

Kimberly Michelle Ingram-Hogan
Bradley Arant Boult Cummings, LLP
(Nashville, TN Office)
1221 Broadway
Suite 2400
Nashville, TN 37203

Erik Halvorson
Bradley Arant Boult Cummings, LLP
(Nashville, TN Office)
1221 Broadway
Suite 2400
Nashville, TN 37203

*/s/Lisa M. Carson*