UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEFFREY RYAN FENTON, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | Case No. 3:24-cv-01282 |
| ) | |
| VIRGINIA LEE STORY, et al., ) | |
| ) | JUDGE CAMPBELL |
| Defendants, ) | Magistrate Judge Holmes |
| ) | |

**DEFENDANT BANK OF AMERICA N.A.'s MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

NOW COMES Defendant Bank of America N.A. ("BANA") and files this Memorandum in Support of Motion to Dismiss pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). As set forth below, the Amended Complaint fails to state a claim against BANA because it does not identify any actions by BANA that have allegedly caused harm to Mr. Fenton, the claims are time-barred, and they fail as a matter of substantive Tennessee law.

**INTRODUCTION**

Plaintiff Jeffrey Fenton's Amended Complaint asserts multiple constitutional and tort claims against thirty-four defendants, including BANA, arising out of divorce and bankruptcy proceedings initiated by Mr. Fenton's ex-wife in 2019. Throughout the Amended Complaint's 292 paragraphs and 103 pages, BANA is mentioned by name only twice: once in the list of defendants and once when quoting a filing from the bankruptcy court.

The Amended Complaint does not identify any conduct of BANA, let alone an act or omission that could give rise to a claim by Mr. Fenton against BANA. Instead, Mr. Fenton groups

1

BANA together with other defendants in three counts: intentional/negligent infliction of emotional distress, fraud/concealment, and civil conspiracy. Mr. Fenton provides no factual basis for asserting those claims against BANA. Furthermore, Mr. Fenton's claims are also time-barred on the face of the Amended Complaint and otherwise fail under Tennessee law. The Court should dismiss the Amended Complaint as to BANA.

## RELEVANT BACKGROUND[1]

BANA held a lien on the home Mr. Fenton owned with his ex-wife, Fawn Fenton. *See* Doc. 66 ¶ 14. In 2019, Mrs. Fenton initiated divorce proceedings in the Chancery Court for Williamson County, Tennessee. *Id.* ¶¶ 1, 11. Around the same time, Mrs. Fenton also initiated bankruptcy proceedings in the United States Bankruptcy Court for the Middle District of Tennessee. *Id.* ¶¶ 13–14. Eventually, the Chancery Court ordered that the Fentons' marital home be sold. Doc. 1-35, PageID 1951. The Bankruptcy Court also ordered that BANA's lien on the home would be satisfied upon the sale. Doc. 66 ¶ 14.

The gravamen of Mr. Fenton's Amended Complaint is that the initiation of the divorce and bankruptcy proceedings were designed "to cheat Plaintiff out of his property interests" in the marital home. *Id.* ¶¶ 1, 13. He contends that various judges, lawyers, litigants, and others were engaged in a criminal conspiracy designed to harm him, but there are no specific allegations that BANA was part of this alleged conspiracy or that BANA took any actions that harmed Mr. Fenton. Nevertheless, Mr. Fenton asserts three claims against BANA: intentional/negligent infliction of emotional distress, fraud/concealment, and civil conspiracy. *Id.* ¶¶ 153–200. He seeks monetary damages from BANA. *Id.* ¶¶ 174, 194, 200,

---

[1] For purposes of this Motion only, BANA assumes the facts alleged in the Amended Complaint to be true as required by Federal Rule of Civil Procedure 12(b)(6).

# ARGUMENT

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "sufficient fact[s], accepted as true, to state a claim to relief that is plausible on its face." *Z.J. v. Vanderbilt Univ.*, 355 F. Supp. 3d 646, 658 (M.D. Tenn. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* It requires a plaintiff to "assert sufficient facts to provide the defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Rhodes v. R&L Carriers, Inc.*, 491 F. App'x 579, 582 (6th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

Dismissal is appropriate when a complaint fails to allege specific facts against a specific defendant. *E.g.*, *Sills v. S. Baptist Convention*, No. 3:23-CV-00478, 2024 WL 1020569, at *11–12 (M.D. Tenn. Mar. 8, 2024) (Campbell, J.) (dismissing a "group pleading" that referred to "defendants" generally because it did not put defendant on "notice of the grounds upon which the claims against it rests"). Likewise, a complaint should be dismissed when the claims contained therein are time-barred on the face of the complaint. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

## I.   MR. FENTON DOES NOT ALLEGE ANY WRONGDOING BY BANA.

BANA is only mentioned by name twice in the Amended Complaint. *See generally* Doc. 66. The first reference is in a list of every defendant named in this lawsuit. *Id.* at PageID 4874. The second reference is a quote from a bankruptcy filing identifying BANA as a lien holder on the Fenton's marital home. *Id.* ¶ 14. These cursory mentions of BANA do not satisfy federal pleading

3

standards to support of cause of action and, therefore, do not state a claim for which relief can be granted.

To survive a motion to dismiss for failure to state a claim, a plaintiff "must assert sufficient facts to provide the defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Rhodes*, 491 F. App'x at 582 (quoting *Twombly*, 550 U.S. at 555). This requires more than "broad and conclusory allegations as to all Defendants." *City of Pontiac Police & Fire Ret. Sys. v. Jamison*, No. 3:20-cv-00874, 2022 WL 884618, at *18 (M.D. Tenn. Mar. 24, 2022); *Pethel v. State of Tennessee Dep't of Child. Servs.*, No. 3:10-CV-469-TAV-HBG, 2020 WL 6827791, at *3 (E.D. Tenn. Nov. 20, 2020) (dismissing complaint for failure to state a claim when the complaint simply alleged that "'defendants' took particular actions, with no indication as to which of the forty-five (45) defendants plaintiffs are referring").

Mr. Fenton does not allege any specific actions taken by BANA, let alone any actions that support his claims. Instead, he merely groups BANA together with other defendants. *See, e.g.*, Doc. 66 ¶ 161 ("[D]efendants acted with malice or reckless indifference and committed extreme and outrageous acts"); *id.* ¶ 193 ("Defendants" have committed fraud); *id.* ¶ 199 ("[D]efendants have . . . conspired to deprive Plaintiff of his real property"). These conclusory allegations do not satisfy the requirements of Rule 8 and require dismissal of Mr. Fenton's claims against BANA. *See, e.g.*, *Sills*, 2024 WL 1020569, at *11–12.

II. **FENTON'S CLAIMS ARE TIME-BARRED AND FAIL UNDER TENNESSEE LAW.**

The claims in which BANA is grouped with other defendants are the same claims asserted against defendant Cadence Bank. *See* Doc. 170. BANA adopts and incorporates by reference the arguments raised in Cadence Bank's Memorandum in Support of its Motion to Dismiss that these

4

claims are time-barred and fail to state a claim under Tennessee substantive law. *See id.* at 4–6, 7–19.

## CONCLUSION

Because Mr. Fenton failed to make any specific allegations against BANA and his claims are time-barred and otherwise fail as a matter of Tennessee substantive law, the Amended Complaint as to BANA should be dismissed with prejudice.

Respectfully submitted,

*/s/ Erik Halvorson*
Heather Howell Wright, Esq. (BPR 030649)
Erik Halvorson, Esq. (BPR 040260)
Bradley Arant Boult Cummings, LLP
ONE 22 ONE
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
Telephone: (615) 252-2342
Facsimile: (615) 252-6342
hwright@bradley.com
ehalvorson@bradley.com

*Attorneys for Defendant Bank of America, N.A.*

# CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will serve the parties to this litigation. The following parties were served via U.S. Mail, First Class, Postage Prepaid:

Jeffrey Ryan Fenton
17195 Silver Parkway #150
Fenton, MI 48430
*Pro se Plaintiff*

Thomas E. Anderson
1187 Old Hickory Blvd., Ste. 125
Brentwood, TN 37027
*Pro se Defendant*

                                                */s/ Erik Halvorson*
                                                Erik Halvorson